IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ALFRED WILLIAM LASURE, ) | |
| ) | CIVIL ACTION NO. 0:08-320-RBH-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| MAJOR GORE, South Carolina Department ) | |
| of Corrections, CORPORAL JOHNSON, ) | |
| South Carolina Public Safety Officer, ) | |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| MENTAL HEALTH, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff is involuntarily committed to the South Carolina Department of Mental Health under the South Carolina Sexually Violent Predator Act. Plaintiff has sued two state employees, but has also named the South Carolina Department of Mental Health itself as a party Defendant. Although not named in the caption of his Complaint, Plaintiff may also be intending to sue the South Carolina Department of Corrections as well as an entity he lists as the "South Carolina Public Safety Office".

Defendant South Carolina Department of Mental Health and the "SC Public Safety Office" filed a motion to dismiss on April 24, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 25, 2008, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted. Plaintiff thereafter filed a response in opposition to the motion on June 2, 2008.

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required



to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, after careful review and consideration of the motion and Plaintiff's response, the undersigned concludes that the motion should be granted. The Defendant South Carolina Department of Mental Health asserts that it is entitled to dismissal as a party Defendant in this case because it enjoys immunity from suit in this Court under the Eleventh Amendment. This Defendant further asserts that the "South Carolina Public Safety Office" is in fact a subdivision of the Department of Mental Health, and is therefore also entitled to Eleventh Amendment immunity. The undersigned agrees. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984); Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 627 (1999);



Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Alabama v. Pugh, 438 U.S. 781, 782 & nn. 1-2 (1978);  Will v. Michigan Department of State Police, 491 U.S. 58, 64, 66 (1989); see also Coffin v. South Carolina Department of Social Services, 562 F.Supp. 579 (D.S.C. 1983).

Although the South Carolina Department of Corrections is not included in this Defendant's motion (as apparently the Defendants were not sure if the SCDC was intended to be a Defendant in this case), to the extent this state agency was intended to be a Defendant in this case, it is also entitled to dismissal on the grounds of Eleventh Amendment immunity.

While Plaintiff advances some arguments in his response addressing whether the State or a state agency can be sued, he references the South Carolina Tort Claims Act as being the basis for maintaining such a claim.  However, Plaintiff has not asserted a claim under the South Carolina Tort Claims Act in this lawsuit; rather, he is asserting that his constitutional rights have been violated by the Defendants.  Plaintiff may, of course, pursue a claim under the South Carolina Tort Claims act in state court, if he so chooses.

### Conclusion

Based on the foregoing, it is recommended that the pending motion to dismiss be **granted**, and that the Defendant South Carolina Department of Mental Health, the "SC Public Safety Office", and the South Carolina Department of Corrections all be **dismissed** as party Defendants in this case, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
August 15, 2008

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

