# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ALFRED WILLIAM LASURE, ) | |
| ) | CIVIL ACTION NO. 9:08-0320-RBH-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| MAJOR GORE, South Carolina Department ) | |
| of Corrections and CORPORAL JOHNSON, ) | |
| South Carolina Public Safety Officer, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who has been involuntarily committed to the South Carolina Department of Mental Health (DMH) under the sexually violent predator act, claims violations of his constitutional rights by the Defendants Gore and Johnson[1].

The Defendants filed a motion for summary judgement pursuant to Rule 56, Fed.R.Civ.P. on October 17, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 21, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendants' motion on October 28, 2008.

---

[1] Additional Defendants originally named by the Plaintiff were dismissed by Order filed January 9, 2009.



1

The Defendants' motion is now before the Court for disposition.²

**Background and Evidence**

Plaintiff alleges in his Verified Complaint³ that he was civilly committed in June 2006, and that from approximately late 2006 to January 10, 2008, he had the express permission of the Department of Mental Health and the South Carolina Department of Corrections (SCDC) to correspond via U. S. Mail with SCDC prisoner Chris Martin. Plaintiff alleges that on January 10, 2008, the Defendant Johnson and some other staff came to his cell and told him that they were there to search his cell for letters from Martin. Plaintiff further alleges that Johnson told him that if he did not "give up" the letters, that they would "rip through cell until they did find the letters." Plaintiff alleges that he interpreted Johnson's statement as being a threat of physical assault if need be to obtain the letters, so he then involuntarily handed Johnson approximately six (6) letters he had received from Martin.

Plaintiff alleges that Johnson's conduct deprived him of due process and the equal protection of the law in violation of his constitutional rights. Plaintiff further alleges that the Defendant Gore allowed Johnson "by however means" to coerce and/or threaten physical harm to the Plaintiff, and that Johnson acted without a lawful search warrant and threatened the Plaintiff. Plaintiff also alleges that he was denied his "right to freedom of speech by denying Plaintiff the right to say no to unprovoked threats." Plaintiff seeks monetary damages, as well as certain declaratory

---

²This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

³In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



2

and/or injunctive relief.  See generally Verified Complaint.

In support of summary judgment in the case, the Defendant Bobby Johnson has submitted an affidavit wherein he attests that he is a corporal and field training officer with the South Carolina Department of Mental Health.  Johnson attests that on January 10, 2008 he was instructed by his supervisor to retrieve any letters from an SCDC inmate that were in the possession of the Plaintiff.  Johnson attests that, since security employees are not supposed to enter a residence cell without a member of the nursing staff present, in accordance with Department of Mental Health policies he brought two members of the DMH nursing staff with him to Plaintiff's cell.  Johnson attests that he explained to the Plaintiff that he had been instructed to retrieve any letters from an SCDC inmate in his possession, and that Plaintiff could either voluntarily give up the letters or he would have to search the cell.  Johnson attests that Plaintiff then handed him two letters that were in plain view in his cell "without complaint".  Johnson attests that neither Edward Gore nor any other SCDC employee accompanied him to the Plaintiff's cell, that Plaintiff presented no resistence to giving him the letters and did not complain to him about this incident, and that at no time did he threaten the Plaintiff with physical harm or harassment.  See generally Johnson Affidavit.

The Defendant Gore has also submitted an affidavit wherein he attests that he is a captain at the Manning Correctional Institution, and that on January 10, 2008 he was working at the Broad River Correctional Institution, where Plaintiff is housed.  Gore attests that he was given an order by the warden's office to have any letters between the Plaintiff and an inmate at the Lieber Correctional Institution confiscated.  Gore attests that communications from inmates incarcerated within SCDC institutions can at times create security risks, as an inmate's communication with another inmate may create a danger of disorder, riot, escape, or other security concerns, such as contraband and gang threats.  Gore attests that, per SCDC policy, inmates are not allowed to correspond with one another via mail unless they are family or have a related legal matter, and that



prior to any such communication being allowed, the wardens of each respective institution must give explicit approval for the inmates to correspond.

Gore attests that although Plaintiff is not an SCDC inmate, as a general rule in order to preserve institutional security, Department of Mental Health residents would not be allowed to communicate or correspond with SCDC inmates. Plaintiff is housed within the walls of an SCDC facility, and therefore any articles that come into his possession present a potential security concern to all the individuals housed or employed within those same walls. Gore attests that, because Plaintiff was a resident in the sexually violent predator wing of BRCI, and since that wing is under the jurisdiction and control of the Department of Mental Health, he would not enter that wing, which is why he spoke with a DMH supervisor and asked him to have the letters confiscated.

Gore attests that he has never had any personal interaction with the Plaintiff at any time, that he did not make any threats of physical harm to the Plaintiff, nor did he instruct any DMH employee to make threats of physical harm, and that he did not coerce Johnson or any other DMH employee into confiscating the letter. Gore attests that he simply asked the DMH supervisor to have his personnel retrieve the letters in accordance with SCDC policy. See generally Gore Affidavit.

The Defendants have also submitted an affidavit from McKither Bodison, who attests that he is the Warden of the Lieber Correctional Institution. Bodison attests that per SCDC policy, inmates at correctional facilities are not allowed to correspond with each other without express permission from the Warden of the Institution in which the inmate is incarcerated. Bodison attests that the purpose of restricting correspondence is to protect the safety and security of the institution and its employees and inmates from the introduction of contraband and unwarranted communication within the walls of the facility. Specific concerns include but are not limited to gang communication, death treats, pornography, and escape plans.

Bodison attests that Plaintiff was housed at the Lieber Correctional Institution prior



4

to his civil conviction as a sexually violent predator, and that although the Plaintiff was no longer an inmate with the Department of Corrections, he is still housed within the perimeter walls of an SCDC facility. As such, any communication to him by an SCDC inmate subjects the Institution and its employees, inmates, and residents to a potential security breech via postal correspondence. Bodison attests that, without express permission from himself, as Warden, inmate Chris Martin would not be allowed to correspond with a resident housed within the perimeter walls of an SCDC facility, and that because Martin lacked express permission to correspond with the Plaintiff, any decision to confiscate the letters was justifiable and was correct and appropriate to protect institutional security, as well as being within the policies and procedures of the Department of Corrections. See generally Bodison Affidavit.

Finally, the Defendants have submitted an affidavit from Robert Stevenson, who attests that he is the Warden of the Broad River Correctional Institution, and that per agreement between the SCDC and the Department of Mental Health, the Department of Mental Health is responsible for day to day security within the sexually violent predator wing of the BRCI. Stevenson attests that the SCDC and Department of Mental Health employees take reasonable measures to ensure as little contact as possible between SVP residents and the SCDC inmates within the facility, and that the SCDC inmates are not allowed to correspond with the SVP residents at the BRCI. Stevenson attests that it is of the "utmost concern" for the safety and security of the BRCI, its employees, Department of Mental Health employees, and inmates, that SVP residents remain free of contraband and unwarranted communications that could jeopardize institutional operations. Stevenson further attests that the Institution takes all reasonable measures to afford SVP residents warranted freedoms, but that the foremost concern of institution security may force limited restrictions upon SVP residents at times.

Stevenson attests that, per SCDC policy, inmates may not correspond from one



5

institution to another without express permission of the Wardens of each SCDC facility, and that in this matter an inmate at the Lieber Correctional Institution corresponded with the Plaintiff. Stevenson attests that, because Plaintiff is housed within an SCDC facility, his correspondence with an inmate at Lieber is necessarily subject to restriction in order to maintain institutional security, and that any communication between an SCDC inmate at Lieber and an SVP housed at BRCI would be a potential security concern. Therefore, he would not approve such correspondence. Stevenson attests that Gore was instructed to speak with a Department of Mental Health security officer and to have the letters confiscated, and that to his knowledge Gore followed this order and had a mental health security officer retrieve the letters. See generally Stevenson Affidavit.

In opposition to the Defendants' motion, Plaintiff has submitted a letter to him from the Director of the Department of Corrections, in which the Director states that the agency has no prohibition on "citizens" corresponding with the men and women housed in correctional facilities unless it creates problems relating to the safety and security of staff and inmates. This letter further states that, for security reasons, the Department inspects all mail or parcels entering the prison system and that mail or parcels that contain material prohibited by policy will not be delivered. No mention is made in this letter regarding inmate to inmate correspondence. See generally Plaintiff's Exhibit 2. Plaintiff has also submitted a copy of SCDC policies/procedure PS-10.08 [Inmate correspondence privileges], which provides under paragraph 20 [Inmates corresponding with one another], that inmates "will not be permitted to correspond (receive or send) with other inmates . . . ." except where the other inmates are immediate family members, or the inmates are in a joint legal action and the correspondence is related to the legal action only. See, Exhibit [SCDC Policy] Plaintiff has also submitted an "Affidavit" [unverified] from inmate Chris Carver, who attests that on January 30, 2008, he witnessed Johnson and some other personnel go to the Plaintiff's cell, and that Plaintiff did later tell him that the Department of Mental Health did threaten and demand that he turn over some



letter he had received in the U. S. Mail from an SCDC prisoner. See Carver [unverified] affidavit.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

As a person civilly committed under the South Carolina Sexually Violent Predator Act, South Carolina Code Ann. §44-48-10, et. seq., Plaintiff's custody status most closely resembles that of a pre-trial detainee. Cf. Larch v. Gintoli, 04-1962, 2006 WL 895019 at **3-4 (D.S.C. Mar. 31, 2006); see also McClam v. Chavez, No. 05-1765, 2006 WL 1663797 at *2 (D.S.C. June 8, 2006); S.C.Code Ann. § 44-48-80, as amended. Hence, Plaintiff's conditions of confinement are evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979). Due process requires that the conditions of Plaintiff's confinement bear some reasonable relation to the legitimate penalogical requirements of the Institution. Further, involuntarily

7



committed mental patients retain a liberty interest in reasonably non-restrictive conditions of confinement. See; Youngburg v. Romeo, 457 U.S. 307, 324 (1982); see generally Seling v. Young, 531 U.S. 250, 265 (2001).

In deciding whether Plaintiff's constitutional rights have been violated, the Court must balance his liberty and due process rights against the interests of the State, giving deference to the decisions of professionals charged with his care. Youngburg, 457 U.S. at 321 ["[T]he decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment"]; Bell, 441 U.S. at 537 ["Loss of freedom of choice and privacy are inherent incidents of confinement [in a prison] facility. And the fact that such detention interferes with the detainee's understandable desire to live . . . with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment' [for purposes of a due process violation]."]. Plaintiff has not shown a violation of his constitutional rights pursuant to this standard.

First, Plaintiff has himself submitted a copy of the SCDC policy regarding mail between inmates showing that no violation of prison policy has occurred in his case. See Exhibit [SCDC Policy]. Further, although Plaintiff alleges that he had permission to correspond with inmate Martin, he has provided no evidence to support this claim, while the evidence provided by the Defendants, which includes affidavits from the individuals from whom this permission would had to have come, directly contradicts this claim. See Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995)[Explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range of reasonable probability" and that "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary"

8



(internal quotation marks omitted)]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993)[Plaintiff's conclusory allegations insufficient to maintain claim].[4]

The Defendants have also submitted evidence to the Court to show why such inter-prison correspondence is generally prohibited and how this policy relates to a legitimate penalogical interest in the effective administration of the prison system. See Gore, Bodison and Stevenson Affidavits. Plaintiff has failed to present any evidence to show that the mail regulations at issue do not have a valid, rational connection to a legitimate penalogical interest, and he has therefore failed to show a violation of his constitutional rights.[5] Turner v. Safley, 482 U.S. 78, 89-90 (1987)[Prison regulations valid if they are "reasonably related to legitimate penalogical interests."]; Vester v. Rogers, 795 F.2d 1179, 1183 (4th Cir. 1986); Nasir v. Morgan, 350 F.3d 366, 369-375 (3rd. Cir. 2003)[Prohibition on correspondence between inmates and former inmates did not violate inmates' First Amendment rights'.]; Seling, 531 U.S. at 265; Youngburg, 457 U.S. at 321; see generally Block v. Rutherford, 468 U.S. 576, 584-585 (1984) [Prison administrators should be accorded wide ranging deference in the adoption and execution of policies that in their judgment are needed to preserve internal order and discipline and to maintain institutional security]; Sweet v. South Carolina Department of Corrections, 529 F.2d 854, 859 (4th Cir. 1975) (en banc) [describing federal court's deference to prison administrators and all administrative matters unless the condition rises to the

---

[4]In any event, even if the Court were to assume that Plaintiff did not at some point have permission to correspond with Martin, nothing in the Policy provided to this Court prevents the Warden from rescinding such approval.

[5]The burden is on the person challenging the regulations at issue to disprove their validity. Overton v. Bazzetta, 539 U.S. 126, 132 (2003)

9



level of a constitutional violation]; cf Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995) [Prison officials must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"], reh'd denied, 75 F.3d 448 (9th Cir. 1995), cert. denied, County of Kern v. Anderson, 116 S.Ct. 306 (1995).

Finally, Plaintiff's claim that he was somehow subjected to an unlawful "verbal" assault by the Defendant Johnson is also without merit. Malsh v. Austin, 901 F.Supp. 757 (S.D.N.Y. 1995)["Verbal assault, standing alone, is not a . . . cognizable injury in a 1983 civil rights action"]; Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Batista v. Rodriguz, 702 F.2d 393, 398 (2nd Cir. 1985); Ajaj v. United States, 479 F.Supp. 2d 501, 538 n. 16 (D.S.C. 2007). Therefore, this claim should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

March 30, 2009                            Bristow Marchant
Charleston, South Carolina                United States Magistrate Judge



10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



11