IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Alfred William LaSure, ) | Civil Action No. 9:08-cv-0320-RBH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Major Gore, South Carolina Department of ) | |
| Corrections; and Corporal Johnson, South ) | |
| Carolina Public Safety Officer, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

      The *pro se* Plaintiff, Alfred William LaSure, ("Plaintiff"), is involuntarily committed to the South Carolina Department of Mental Health pursuant to the South Carolina Sexually Violent Predator Act ("SVP Act"), S.C. Code Ann. § 44-48-10 *et seq*. Plaintiff filed the above-captioned lawsuit alleging certain violations of his constitutional rights and seeking relief under Title 42, United States Code, Section 1983. (Doc. # 1.) On October 17, 2008, Defendants Gore and Johnson ("Defendants") moved for summary judgment seeking dismissal of the Plaintiff's claims.[1] (Doc. # 55.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised by Order filed October 21, 2008, that he had thirty-four (34) days to file any material in opposition to the Defendants' motion. (Doc. # 56.) The Plaintiff filed a response to the Defendants' motion on October 28, 2008. (Doc. # 59.)

---

[1] In addition to the above-captioned Defendants, the Plaintiff also named the South Carolina Public Safety Office and the South Carolina Department of Mental Health as defendants in this action. On January 9, 2009, this Court dismissed these state agency defendants. (Doc. # 61.)

1

On March 30, 2009, United States Magistrate Judge Bristow Marchant filed a Report and Recommendation (the "Report") pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B). (Doc. #72.) In the Report, Judge Marchant recommended that the Defendants' Motion for Summary Judgment be granted, and the Plaintiff's claims be dismissed. Id.

On March 30, 2009, the Report was sent to the Plaintiff via U.S. Mail with notice to file any objections to the Report on or before April 16, 2009. (Doc. # 73.) On April 10, 2009, the Plaintiff filed objections to the Report (the "Objections"). (Doc. # 74.)

This matter is now before the Court upon the Magistrate Judge's recommendation that the Plaintiff's claims be dismissed. This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the Objections thereto. The nexus of the Plaintiff's objections is that the Magistrate Judge incorrectly applied the legal standard in determining whether his constitutional rights have been violated. (Doc. # 74; "The Report reclassifies the Plaintiff from being a civilly committed person... to [a]prisoner... . [T]he Report

2

mis-interprets [the law] by applying the [incorrect] professional judgment standards as set forth in [case law.]")

The Court has carefully reviewed the Report and the Objections, as well as the pleadings, briefs, supporting affidavits and applicable case law, and finds no error in the Magistrate Judge's Report. There is no dispute that the Plaintiff is civilly committed pursuant to S.C. Code Ann. § 44-48-10, *et seq*. As set forth in the Magistrate Judge's Report, an involuntarily committed person's conditions of confinement are subject to the standards as set forth in Youngsburg v. Romeo, 457 U.S. 307, 324 (1982) and Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979). This Court concurs with the Magistrate's finding that the Plaintiff fails to set forth disputed material facts sufficient to maintain a colorable claim against the Defendants.

A review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report is **ADOPTED** (Doc. # 72), the Plaintiff's objections are **OVERRULED** (Doc. # 74), the Defendants' Motion for Summary Judgment is **GRANTED**, (Doc. # 55) and the Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED**.

  s/R. Byran Harwell

HONORABLE R. BRYAN HARWELL
UNITED STATES DISTRICT JUDGE

Florence, S.C.

June 18, 2009